## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR105 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| IVAN J. HICKS, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 306). The Defendant also filed a motion for downward departure and supporting briefs (Filing Nos. 294, 295, 303). The government adopted the PSR (Filing No. 279). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶ 78 in which the PSR states that, under U.S.S.G. § 5B1.1 application note 2, probation is not authorized. While the PSR is correct, the sentencing guidelines are now advisory. Therefore, the Defendant's objection is denied as moot.

The Defendant's motion for downward departure will be heard at sentencing. The Defendant's motion for an evidentiary hearing (Filing No. 307) is granted. However, the defense is encouraged to submit evidence via a proffer, if possible. If more than 30 minutes are needed for the entire sentencing hearing, counsel should immediately contact Edward Champion and reschedule the hearing.

IT IS ORDERED:

1.      The Defendant's Objections to the Presentence Investigation Report (Filing No. 306) are denied as moot;

2.      Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3.      If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.      Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

5.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

6.      The Defendant's motion for an evidentiary hearing (Filing No. 307) is granted.

DATED this 22nd day of December, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

2