### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR105** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **IVAN J. HICKS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's motion to show cause as to why it has not filed a motion under Federal Rule of Criminal Procedure 35 (Filing No. 401). The motion is supported by a brief and an index of evidence that includes the sentencing transcript.

The Defendant pleaded guilty under a cooperation plea agreement to Count II of the Indictment charging him with possessing pseudoephedrine with intent to manufacture methamphetamine. On December 29, 2008, the Defendant was sentenced to 24 months. At sentencing, the Court lowered the sentencing guideline range from 46-57 months to 37-46 months after determining that the minor role adjustment applied. The Court then departed downward from the guideline range on the Defendant's motion based on 18 U.S.C. § 3553(a)(1) (nature and circumstances of the offense and the Defendant's characteristics). At sentencing, in discussing self surrender prior to imposing the sentence the Court asked the government's attorney whether a Rule 35 motion in the next 60 days was "anticipated." The government's attorney responded, "[w]e'll try." (Filing No. 400, at 9:8.) The instant motion is based on that statement. I note that, according to the Bureau of Prisons website, the Defendant's "actual or projected" release date is July 10, 2010.

Despite the colloquy at sentencing, the Defendant was made fully aware at his change of plea hearing that the filing of a motion based on substantial assistance is based solely on the government's discretion. In fact, the plea agreement provides:

> If the United States does not file a motion to reduce the Defendant's sentence for the Defendant's cooperation, the Defendant waives the Defendant's right to challenge that decision by any means, *no matter how entitled*, except upon a substantial threshold showing by the Defendant that any such decision was based upon an unconstitutional motive related to the Defendant's race, religion, gender, or national origin, or upon an appropriate showing of a violation of the Defendant's Sixth Amendment Right to Counsel.

(Filing No. 219, ¶ 4 (emphasis added).)

The Defendant has not made the required substantial threshold showing. Accordingly,

IT IS ORDERED that the Defendant's motion to show cause (Filing No. 401) is denied.

DATED this 8th day of February, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge